120411fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| SUSAN M. NOVAK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10cv165 EJM |
| vs. | ) | |
| | ) | ORDER |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff seeks judicial review of the Commissioner's denial of her application for supplemental security income benefits. The court has jurisdiction pursuant to 42 USC §405(g). Briefing concluded August 5, 2011. Reversed and remanded for payment of benefits.

Claiming an onset date of April 20, 2006, plaintiff alleges disability due to neck and back problems, and headaches. She asserts the Administrative Law Judge (ALJ) erred in failing to properly consider her need for frequent unscheduled absences due to migraine headaches, failed to properly evaluate her subjective allegations, and failed to include all credible limitations in the hypothetical question posed to the vocational expert. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than

> merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe combination of impairments include cervical spondylosis, status post C5-6 anterior diskectomy and fusion on May 31, 2006, degenerative disc disease of the thoracic spine, degenerative disc disease of the lumbar spine status post partial diskectomy at L5-S1 in 2000, chronic migraine headaches, and hearing loss, but further found plaintiff retained the residual functional capacity to perform substantial gainful activity.

Upon review, it is the court's view that the ALJ erred in not affording adequate weight to the credibility of plaintiff's subjective allegations. Contrary to the findings of the ALJ, it is the court's view that plaintiff's daily activities of record are not inconsistent with her allegations, including frequency of debilitating headaches, T. 131, and that she frequently sought treatment for headaches, without substantial resolution. T. 358, 429-432, 502-503, 507, 512, 545, 548, 550-552. Upon consideration of this frequency of seeking treatment, it is the court's view that the record does not support the ALJ's conclusion that treatment records showed "sparse" treatment for this condition. While the ALJ observed that plaintiff testified she had been advised by doctors to cut her long hair as a means of improving upper spine pain control, T. 26, and on brief defendant

reaffirmed that plaintiff testified medical providers so advised, docket #10, p. 13, it appears from the record that this assertion may find its origin in plaintiff's response to the ALJ's question as to whether there are "any other factors that you think trigger your headaches?" Plaintiff's response was "[a] lot of people tell me it's my long hair." T. 132. Nothing in this exchange appears to support the conclusion that the "advice" was from either physicians or other medical providers, and therefore the record does not support the ALJ's conclusion that plaintiff's credibility is undermined by her unwillingness to cut her hair. Additionally, while the ALJ afforded great weight to the views of consultative medical examiner Dr. Paul, the court notes that plaintiff advised Dr. Paul of her daily headaches, T. 479, and Dr. Paul neither discounted them nor otherwise commented thereon, and he did not include any restrictions related thereto in his report. T. 482. As to the ALJ's weighing plaintiff's purported noncompliance regarding recommended stretching exercises for her neck, the court notes the physician's contemporaneous observation that the reason for plaintiff's then not doing stretching exercises was her fear of re-injuring the cervical disc. T. 545. On the record before the court, it is the court's view that plaintiff's reluctance to perform certain physical therapy due to fear of exacerbating a condition is not a basis for discounting the credibility of allegations regarding the condition.

In light of the foregoing, the court concludes that the ALJ's decision is not supported by substantial evidence on the record as a whole. When plaintiff's

subjective allegations are afforded the credibility to which they are entitled, vocational expert testimony establishes that plaintiff does not have the "ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world." McCoy v. Schweiker, 683 F2d 1138, 1147 (8th Cir. 1982)(en banc).  T. 145. Accordingly, this matter shall be reversed and remanded for payment of benefits.

It is therefore

ORDERED

Reversed and remanded for payment of benefits.

December 16, 2011.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT